respect to the consequences of a criminal conviction for immigration status."

Thus, prior to the decision in *Padilla*, whether counsel informed a defendant of the potential immigration consequences of a conviction was excluded from analysis under *Strickland*. And under *Chaidez*, the right granted in *Padilla* is not retroactive. Thus, if a conviction was final as of the date of the Court's decision in *Padilla*, a criminal defendant cannot benefit from the *Padilla* holding.

Because Merheb did not appeal from his conviction and sentence, Merheb's conviction became final in early January 2009—30 days after his sentence was imposed by the trial court. *Padilla* was not decided until March 31, 2010. Thus, the constitutional right under which Merheb seeks relief is inapplicable as a matter of law and the procedure set forth under *Gonzalez* is unavailable. Merheb's argument that the district court erred in denying his motion to set aside his plea is without merit.

## CONCLUSION

The district court's denial of Merheb's motion to set aside his plea is affirmed.

AFFIRMED.

CASSEL, J., not participating.

———————————

State of Nebraska, appellee, v.
Trent R. Esch, appellant.
___ N.W.2d ___

Filed February 6, 2015.    No. S-14-471.

1. **Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2. **Double Jeopardy: Evidence: New Trial: Appeal and Error.** The Double Jeopardy Clause does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict.

3. **Sentences: Restitution.** In imposing a sentence, the court must state the precise terms of the sentence. Such requirement of certainty and precision applies to criminal sentences containing restitution orders, and a court's restitution order must inform the defendant whether the restitution must be made immediately, in specified installments, or within a specified period of time, not to exceed 5 years, as required under Neb. Rev. Stat. § 29-2281 (Reissue 2008).

Appeal from the District Court for Custer County: Karin L. Noakes, Judge. Affirmed in part, and in part reversed and remanded with directions.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Jon Bruning, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.
### NATURE OF CASE
This appeal was brought by Trent R. Esch in connection with his convictions and sentences in the district court for Custer County for felony criminal mischief and use of a weapon to commit a felony. In a previous appeal, Esch obtained certain relief which lead to a new trial from which this appeal is taken. See *State v. Esch*, No. A-13-241, 2013 WL 6623142 (Neb. App. Dec. 17, 2013) (selected for posting to court Web site). He claims that there was insufficient evidence to support his conviction for use of a weapon to commit a felony and to support an order to pay $7,500 as restitution for criminal mischief. Esch stands convicted of criminal mischief, but we reverse Esch's conviction for use of a weapon to commit a felony and order the charge to be dismissed. Regarding the sentence for felony criminal mischief, we affirm the term of imprisonment and the amount of restitution ordered, but we remand the

cause for resentencing with respect to the manner of payment of restitution.

## STATEMENT OF FACTS

Esch was originally tried before a jury on charges of criminal mischief and use of a weapon to commit a felony. Evidence at the jury trial indicated that on March 18, 2012, Esch went to the home of the chief deputy of the Custer County Sheriff's Department and repeatedly fired his rifle at the chief deputy's patrol car which was parked outside the home. Damage to the patrol car included several bullet holes to the side of it, a punctured gas tank, and a flat tire. The company which insured the patrol car determined that it was a total loss. The jury found Esch guilty of both counts and determined that the value of pecuniary loss sustained as a result of the criminal mischief was $7,500. The court sentenced Esch to imprisonment for 20 to 36 months for felony criminal mischief and to a consecutive sentence of imprisonment for 5 to 7 years for use of a weapon. The court also ordered Esch to pay restitution in the amount of $7,500.

Esch appealed his convictions and sentences to the Nebraska Court of Appeals. He claimed, inter alia, that the district court erred when it refused his proposed jury instruction which stated that the jury must determine beyond a reasonable doubt the pecuniary loss sustained as a result of Esch's criminal mischief. The court had refused Esch's proposed separate instruction and instead had combined the pecuniary loss instruction with the instruction setting forth the elements of criminal mischief. The instruction given by the court stated in part, "If you find the State has proven the elements of Criminal Mischief beyond a reasonable doubt, you must also determine what, if any, pecuniary loss was suffered."

The Court of Appeals rejected most of Esch's assignments of error, which related to evidentiary rulings and sufficiency of the evidence. However, the Court of Appeals concluded that the district court erred when it failed to instruct the jury more particularly that it must determine pecuniary loss beyond a reasonable doubt. The Court of Appeals noted that pecuniary loss is not an element of criminal mischief, which

is described in Neb. Rev. Stat. § 28-519 (Reissue 2008), but the amount of pecuniary loss determines whether the offense is a felony or a misdemeanor. Under § 28-519, if pecuniary loss is $1,500 or more, then the offense is a Class IV felony; if pecuniary loss is less than $1,500, the offense is a misdemeanor. The Court of Appeals concluded that the court's failure to instruct the jury more particularly that the State must prove the amount of pecuniary loss beyond a reasonable doubt was erroneous and prejudicial to Esch.

Because pecuniary loss is not an element of criminal mischief, and because it rejected Esch's other assignments of error, the Court of Appeals affirmed Esch's conviction for criminal mischief. However, as a result of its conclusion that the court erred when it failed to properly instruct the jury that the amount of pecuniary loss due to the criminal mischief must be proved beyond a reasonable doubt, the Court of Appeals stated:

> [W]e vacate Esch's sentence for criminal mischief and remand the cause for a new trial on the issue of the amount of pecuniary loss caused by Esch's criminal mischief on March 18, 2012. Once that determination is made, the trial court can properly determine the grade of the offense and then resentence Esch accordingly. In addition, because the offense of use of a weapon to commit a felony is contingent upon the underlying crime being a felony, we must also vacate the use of a weapon conviction.

*State v. Esch*, No. A-13-241, 2013 WL 6623142 at *5 (Neb. App. Dec. 17, 2013) (selected for posting to court Web site). The Court of Appeals then determined that the Double Jeopardy Clause did not prohibit a retrial for the charge of use of a weapon to commit a felony because the evidence admitted in the jury trial was sufficient to sustain a conviction for that charge. The Court of Appeals concluded its opinion as follows: "[W]e affirm Esch's conviction for criminal mischief but vacate his sentence and remand the cause for a new trial on the issue of pecuniary loss. We also vacate his conviction and sentence for use of a weapon to commit a felony." *Id*. The holding of the Court of Appeals' opinion stated, "Affirmed in

part, and in part vacated and remanded for further proceedings." *Id*.

On remand, Esch waived his right to a jury trial and consented to a bench trial. At the bench trial, the State offered two exhibits into evidence—a "Written Stipulation" signed by Esch and the State and a "Waiver of Jury Trial, Waiver of Pre-Sentence Investigation and Acknowledgment of the Written Stipulation" signed by Esch. Esch did not object to these two exhibits, and the court received both exhibits. Neither the State nor Esch offered any other evidence.

The written stipulation stated, inter alia, that

the criminal mischief occurring on March 18, 2012, for which [Esch] was convicted and which conviction was affirmed by the Nebraska Court of Appeals, resulted in damage to a 2007 Dodge Durango automobile and . . . the pecuniary loss sustained as a result of the damage to the 2007 Dodge Durango automobile exceeded $1500.

The written stipulation also stated that the parties "jointly recommend that the Court sentence [Esch] to the sentence previously entered herein on March 21, 2013."

In the waiver, Esch stated, inter alia, that he understood that

by executing the written stipulation . . . the District Court will find him guilty beyond a reasonable doubt of the charge of felony criminal mischief, a class IV felony and that the District Court may also find him guilty beyond a reasonable doubt on the charge of the use of a weapon to commit a felony, a class IC felony.

The district court found Esch guilty beyond a reasonable doubt of both criminal mischief, a Class IV felony, and use of a weapon to commit a felony. The court further found beyond a reasonable doubt that the pecuniary loss caused by the criminal mischief was equal to or greater than $1,500. The court sentenced Esch by imposing the same sentences that had been pronounced after the jury trial, including the order to pay restitution in the amount of $7,500.

Esch appeals his conviction for use of a weapon to commit a felony and the restitution portion of his sentence for felony criminal mischief.

## ASSIGNMENTS OF ERROR

Esch claims that there was insufficient evidence to support (1) his conviction for use of a weapon to commit a felony and (2) the order to pay restitution of $7,500 for criminal mischief.

## STANDARD OF REVIEW

[1] In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014).

## ANALYSIS

We note initially that Esch does not challenge his conviction for criminal mischief and that because he stipulated the damage was greater than $1,500, he conceded that it was a felony. Therefore, Esch stands convicted of felony criminal mischief.

*There Was Not Sufficient Evidence in the*
*New Trial to Support a Conviction for*
*Use of a Weapon to Commit a Felony.*

In this appeal, Esch first claims that at the new trial, the State failed to present sufficient evidence to support a conviction of use of a weapon to commit a felony. We agree with Esch's contentions that the Court of Appeals' mandate required a new trial on use of a weapon to commit a felony and that at the new trial, the State did not offer sufficient evidence to prove this charge. We therefore reverse the conviction for use of a weapon to commit a felony, and we further conclude that the Double Jeopardy Clause forbids a new trial on this charge.

In its opinion in Esch's first appeal, the Court of Appeals affirmed his criminal mischief conviction but vacated Esch's

conviction and sentence for use of a weapon to commit a felony. The Court of Appeals also concluded that the Double Jeopardy Clause did not forbid a retrial on the use of a weapon charge. Therefore, to obtain a conviction for use of a weapon, the Court of Appeals' opinion anticipates that there could be a new trial on the charge, at which trial, the State would be required to prove all elements of the charge of use of a weapon beyond a reasonable doubt.

At the new trial, the State offered no evidence other than the written stipulation and the waiver. Although Esch stipulated to certain facts, including the fact that the damage caused by his criminal mischief was in excess of $1,500, Esch did not stipulate to other facts that were necessary to establish the elements of use of a weapon to commit a felony. The stipulation was sufficient to establish that Esch's conviction for criminal mischief was properly classified as a felony and that therefore, Esch had committed a felony, but the State presented no evidence at the new trial to show that Esch used a weapon to commit the felony criminal mischief of which he was convicted.

The State contends that the remand was limited to a trial to determine the amount of pecuniary loss to determine the grade of the criminal mischief conviction and that only evidence relevant to that issue could be considered on remand. The State misperceives the opinion of the Court of Appeals. The Court of Appeals' opinion did not impose the limitation urged by the State on the scope of the proceeding on remand. As noted, with regard to the criminal mischief charge, the Court of Appeals affirmed the conviction but vacated the sentence and remanded the cause for a new trial on the issue of pecuniary loss, which issue was relevant to sentencing for the criminal mischief conviction. The Court of Appeals did not similarly limit the scope of proceedings on remand with respect to the use of a weapon to commit a felony charge. To the contrary, the Court of Appeals vacated the conviction and noted that the Double Jeopardy Clause did not prohibit a new trial on the charge of use of a weapon. A new trial was at the discretion of the prosecutor, and a new trial required evidence to establish all elements of use of a weapon as charged.

The State also argues that there was evidence at the first trial that Esch had used a gun to commit criminal mischief and that use of a weapon should be treated as an established fact. However, the State did not offer evidence from the first trial into evidence at the new trial and it therefore did not establish by presentation of evidence the elements of use of a weapon at the new trial. Although it was established at the new trial that Esch had committed felony criminal mischief, the use of a weapon is not an element of felony criminal mischief; establishing commission of the crime of felony criminal mischief does not automatically prove the use of a weapon in the commission of the crime of felony criminal mischief.

The State additionally directs our attention to the written stipulation, in which Esch agreed to recommend that the district court impose the same sentence that it had imposed previously. The State argues that Esch in effect stipulated to his guilt on the use of a weapon charge. We do not read the sentencing feature of the stipulation as a stipulation by Esch that he agreed to be found guilty of use of a weapon to commit a felony; it was only an agreement that if he were again convicted, he would join a recommendation for the same sentence that had previously been imposed. By its terms, such agreement with regard to sentencing would necessarily take effect only if Esch were properly convicted of the crime for which he was being sentenced.

Finally, the State argues that Esch invited any error related to the sufficiency of evidence regarding the use of a weapon charge when he failed to object to the State's interpretation of the Court of Appeals' opinion as providing that the use of a weapon conviction would be automatically reinstated once the criminal mischief conviction was shown to be a felony. The State's suggestion is without merit. Esch's alleged failure to object did not relieve the State of its duty to introduce sufficient evidence to prove the elements of the crime beyond a reasonable doubt at the new trial.

[2] We reject the State's arguments and conclude that there was not sufficient evidence presented at the new trial to support Esch's conviction of use of a weapon to commit a felony. The Double Jeopardy Clause does not forbid a retrial

so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict. *State v. Ash*, 286 Neb. 681, 838 N.W.2d 273 (2013). However, the evidence admitted at the new trial was not sufficient to sustain a guilty verdict of use of a weapon to commit a felony and, therefore, the Double Jeopardy Clause prohibits a retrial. The use of a weapon conviction is reversed, and the cause is remanded with directions to dismiss the charge.

*Esch Stipulated to a Restitution Order in*
*the Amount of $7,500, but the District*
*Court Committed Plain Error When*
*It Failed to Specify the Manner*
*of Payment of Restitution.*

Esch claims that there was insufficient evidence to support a restitution order in the amount of $7,500 in connection with his conviction for felony criminal mischief. Because we conclude that Esch stipulated to a restitution order in the amount of $7,500, we affirm the portion of the sentence which ordered restitution in the amount of $7,500. However, the district court failed to specify the manner of payment as required by statute, and we therefore remand the cause for resentencing to specify the manner of payment.

Esch contends that there was not sufficient evidence to support a restitution order in the amount of $7,500 because the written stipulation states only that the loss was in excess of $1,500 and the State presented no evidence to prove damage of $7,500. However, in the written stipulation, Esch stipulated that he would join the State in recommending that he be sentenced to the same sentence previously entered. The previous sentence included a restitution order in the amount of $7,500, the amount found by the jury at the first trial. We apply the terms of the written stipulation, which we read as Esch's agreement that restitution of $7,500 as previously ordered was an appropriate amount to compensate for damage caused by his criminal mischief. Esch also waived his right to a jury trial at the new trial, and therefore, as a result of the stipulation and the waiver, the court had a sufficient basis from which it

could enter a restitution order in the amount of $7,500, as it had done after the first trial. We, therefore, affirm the portion of the sentencing order in which the court ordered restitution in the amount of $7,500.

[3] However, the State calls our attention to Neb. Rev. Stat. § 29-2281 (Reissue 2008), which is titled "Restitution; determination of amount; manner of payment." Relevant to the manner of payment, § 29-2281 provides in part that "[t]he court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later." The State also draws our attention to *State v. Mettenbrink*, 3 Neb. App. 7, 12, 520 N.W.2d 780, 783-84 (1994), in which the Court of Appeals stated that "in imposing a sentence, the court must state the precise terms of the sentence" and that such "requirement of certainty and precision applies to criminal sentences containing restitution orders." In *Mettenbrink*, plain error was committed when a court's restitution order failed to inform the defendant whether the restitution must be made immediately, in specified installments, or within a specified period of time, not to exceed 5 years, as required under § 29-2281. Thus, although § 29-2281 offers options, one option must be ordered.

In the present case, the district court failed to specify the manner of payment of restitution as required under § 29-2281. We apply the rationale in *Mettenbrink, supra*, and determine that it was plain error for the court to fail to specify the manner of restitution payment. We therefore remand the cause to the district court for resentencing with regard to the manner of payment of restitution; we otherwise affirm the sentence for criminal mischief, including the amount of restitution ordered.

## CONCLUSION

Esch was convicted of felony criminal mischief, and the conviction and sentence of imprisonment therefor stand and are unaffected by this opinion.

With respect to the present appeal, we conclude that there was not sufficient evidence at the new trial to support Esch's

conviction for use of a weapon to commit a felony. We therefore reverse the conviction and, for reasons based on Double Jeopardy explained above, remand the cause with directions to vacate the conviction and dismiss the charge of use of a weapon to commit a felony. We further conclude that there was sufficient evidence to support the $7,500 amount of restitution ordered with respect to the felony criminal mischief conviction. We therefore affirm the $7,500 amount of restitution in the sentence for felony criminal mischief but we remand the cause for resentencing with respect to the manner of payment of restitution.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.